PROMETHEUS PARTNERS LLP
EDUARDO G. ROY (SBN 146316)
eduardo.roy@prometheus-law.com
The Mills Tower
220 Montgomery Street, Suite 1094
San Francisco, CA 94104
Telephone:     415.527.0255

Attorney for Defendant
CLIFTON BURCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ERIC WORTHEN, TAJ ARMON REID, a/k/a TAJ REID, DERF BUTLER, ANTON KALAFATI, CLIFTON BURCH, PETER MCKEAN, LEN TURNER, and LANCE TURNER,<br><br>        Defendants. | Case No.  3:17-cr-00175 CRB<br><br>**DEFENDANT CLIFTON BURCH'S REPLY IN SUPPORT OF MOTIONS IN LIMINE**<br><br>Date:  Sept. 18, 2018<br>Time:  2:00 p.m.<br>Judge: Hon. Charles Breyer<br>Dept.:  Courtroom 6. 17th Floor |

# REPLY ON MOTION IN LIMINE #1 –
# PRECLUSION OF OTHER-ACT EVIDENCE

In opposition, the Government asserts that Burch's motion is premature. The Government states that "should Burch, or his co-defendant conspirators, ultimately elect to [assert an entrapment defense], then Burch's prior acts, and the prior acts of his co-conspirators become admissible to show 'predisposition' and/or 'predication.'" (ECF no. 258 at p. 7:9-11.) Essentially, the Government asserts that "other acts" may be relevant if Burch asserts entrapment, but it cannot make that decision now.

In addition to entrapment, the Government's opposition identifies another circumstance in which it would seek to introduce other-act evidence, stating: "Should Burch elect to testify, then his prior arrest/convictions in 1986 and 1987 for giving false information to a peace officer and conviction in 1989 for obstruction may be admissible to impeach him." (ECF no. 258 at p. 7:12-13.) However, under Fed. R. Evid. 609(b), a conviction more than 10 years old is only admissible for impeachment if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." The Government has not identified any specific facts or circumstances about those 30-year-old convictions that would allow the probative value to outweigh their prejudicial effect.

Under the circumstances, the Court should enter an order prohibiting other-act evidence, which may then be revisited if Burch gives notice of intent to assert an entrapment defense, at which point the Government can give notice what other-act evidence it would advance (and Burch can contest).

# REPLY ON MOTION IN LIMINE #2 –
# PRECLUSION OF EVIDENCE REGARDING OTHER COUNTS

In opposition to Burch's motion to preclude evidence regarding other counts, the Government makes the three arguments.

First, the Government states that the trial encompasses Count 5 against Derf Butler, and that evidence on the count is necessary to the trial. (ECF no. 258 at p. 6:23-26.) To the extent that Derf Butler and Count 5 are part of the trial, Burch does not object to evidence in connection with Count 5.

Second, the Government states that Anton Kalafti is expected to testify at trial, and that his statements to the FBI—including those that are the subject of Counts 6 and 7—are likely to be discussed. (ECF no. 258 at p. 6:26-28.) Burch does not object to such testimony or evidence.

Third, the Government states that while it "does not intend to offer evidence relating to the conspiracies involving Worthen, Reid or the Turners, it is possible that witness testimony may include references to Reid or Worthen." (ECF no. 258 at p. 6:26-28.) In effect, the Government agrees that evidence related to Counts 1-3 and 8 would not be relevant.

The Court should therefore grant Burch's motion (as modified above) and preclude evidence and argument related to Counts 1-3 and 8.

# REPLY MOTION IN LIMINE #3 –

## PRECLUSION OF OUT-OF-COURT STATEMENTS BY OTHERS PRIOR TO JULY 30, 2013

In opposition to Burch's motion, the Government sets out the proper standard for determining admissibility of co-conspirator statements. But it does not properly apply that standard.

As the Government acknowledges, to get around the hearsay rule, it bears the burden of demonstrating by a preponderance of the evidence that: "(1) a conspiracy existed; (2) the defendant and the declarant were members of the conspiracy; and (3) the statements were made during the course of, and in furtherance of, the conspiracy." (ECF no. 258 at p. 4:22-26 [*citing Bourjaily v. United States*, 483 U.S. 171, 175 (1987)]).

Burch's motion specifically targets evidence that cannot meet this standard. That is, taking the Government's recitation of facts as true, the alleged conspiracy was not formed until a meeting on July 30, 2013. Thus, any statements by Derf Butler or other alleged co-conspirators prior to that date are not admissible against Burch because they could not have been made "during the course of" the conspiracy.

In an effort to get around this problem, the Government asserts that—prior to the July 30 meeting—Derf Butler made statements indicating that, on July 27, 2013, Butler told the Government informant that "Burch was already on the team and ready to play ball." (ECF no. 258 at p. 3:8-9.)

Such a statement by Butler is not sufficient to establish the co-conspirator exception to the hearsay rule. The Government "cannot rely solely on the coconspirator statements themselves" to establish the existence of a conspiracy or the defendant and the declarant's involvement in it, but must instead put forward 'independent evidence' to establish this foundation." *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994). In other words, the Government cannot rely on a statement by Derf Butler in order to get in a statement by Derf Butler. The Government has not identified any evidence other than statements by Derf Butler to show the existence of an alleged conspiracy prior to July 30. Consequently, those same statements are not admissible against Burch.

As an alternate argument, the Government makes a conclusory assertion that the prior statements of Butler are "inextricably intertwined" with the charged conduct. However, the Government does not cite any authority holding that the concept of "intertwined evidence" creates an exception to the hearsay rule. If the Government wishes to offer a statement by Derf Butler that "Burch was already on the team

and ready to play ball" for the purpose of establishing the truth of that statement—i.e., that Burch had agreed to participate in a conspiracy—the Government needs to introduce independent evidence to establish the existence of a conspiracy and Burch's involvement at the time the statement was made.

Finally, the Court has discretion to control order of proof, the Government has not proffered or identified any independent evidence to establish the existence of a conspiracy prior to July 30, 2013. It appears inevitable that the Government would put on statements by Derf Butler against Burch, and the Court would have to try to un-ring the bell with a curative instruction when the government fails to put on independent evidence that Burch was involved in a conspiracy prior to July 30. Under the circumstances, the Court should avoid potential prejudice by precluding alleged co-conspirator statements prior to July 30. At a minimum, the Court should exercise its discretion and require the Government to introduce independent evidence establishing Burch's involvement in a conspiracy at the time a statement was made before that statement can be received into evidence.

## REPLY ON MOTION IN LIMINE #4 –
## PRECLUSION OF "ENGINEER'S ESTIMATE"

In opposition to Burch's motion to preclude evidence or argument regarding the "engineer's estimate" for the non-existent project underlying the sting operation, the Government asserts it was just part of the story told by the informant. The Government claims the estimate "is not being offered to prove that the cost estimate was accurate" (ECF no. 258 at p. 9:5-6), and so its accuracy would not need to be supported by expert testimony.

But the Government speaks from the other side of its mouth regarding relevance. The Government absolutely intends to argue (or at least imply) that the "engineer's estimate" was accurate.

In arguing the relevance of the "engineer's estimate," the Government asserts evidence will show the informant said he would be submitting a bid at $5.9 million, and the Defendants' agreement to submit even higher bids will "prove[] that the defendant's [sic] knew they were agreeing to cheat the Department of Energy out of money." (ECF no. 258 at p. 8:26-27.) The Government states that the informant advised the Defendants the cost estimate "from the engineers" was $4.1 million (ECF no. 258 at p. 8:21-22), and argues "[t][he comparison between the actual cost, the CHS's bid, and the Defendants' even higher bids is intrinsic to the conspiracy to defraud the United States." (ECF no. 258 at p. 8:27-28)

The Government cannot have it both ways. If the "engineer's estimate" is not accurate and reflective of "actual cost," then it is not relevant to show that a defendant's bid was false or fraudulent because it was higher than actual cost. On the other hand, if the "engineer's estimate" supposedly **is** reflective of actual cost, then the Government needs to introduce competent evidence (i.e., expert testimony), to make that connection.

In the Turner trial, the Government attempted to make the same argument it articulates now—the defendants knew they were defrauding the Government because their bids were higher than the actual cost. In making that argument, they used a purported "engineer's estimate" as the touchstone for actual cost. However, the Government never put on evidence—expert or otherwise—to establish that the "engineer's estimate" referenced by its informant was a reasonable cost estimate for the project under discussion. The Government's opposition confirms that it intends to make the same connection at

Burch's trial, and that it again intends to make that connection without supporting evidence.[1]

The Government cannot have it both ways. If the "engineer's estimate" is not accurate and reflective of "actual cost," then it is not relevant to show that a defendant's bid was false or fraudulent because it was higher than actual cost. On the other hand, if the "engineer's estimate" supposedly **is** reflective of actual cost, then the Government needs to introduce competent evidence (i.e., expert testimony), to make that connection.

Moreover, even if the Government does not _explicitly_ argue that a defendant's bid was false or fraudulent based on comparison with the "engineer's estimate," any evidence of the purported estimate would prejudicially invite a jury to reach that same conclusion. The risk of prejudice is particularly acute because the Government's own informant admitted the "engineer's estimate" was not reflective of actual cost. In its opposition, the Government acknowledges its informant said "this estimate is unusually low and cannot be relied upon" (ECF no. 258 at p. 9:8-9). Since the estimate is admittedly false, the only effect of the evidence would be prejudicial effect. At a minimum, evidence regarding an "engineer's estimate" that does not reflect actual cost would carry a strong risk of confusing a jury about the issues for decision.

In sum, the "engineer's estimate" is inaccurate, unsupported by evidence, and not actually relevant to the Government's theory. Any evidence regarding the admittedly inaccurate "engineer's estimate" would sow confusion and invite a jury to decide the case based on matters not in evidence. The Court should grant Burch's motion and preclude all evidence and argument regarding the purported "engineer's estimate."

---

[1] The failure of the Turners to seek to preclude the "engineer's estimate" is in no way binding on Burch.

## MOTION IN LIMINE #5 – PRE-TRIAL PRODUCITON OR PRECLUSION OF TRANSCRIPTS

In its opposition, the Government misstates Burch's motion and relief requested regarding transcripts. Burch is not arguing that the Government is barred from using transcripts of video or audio recordings at trial. Burch is not seeking to compel the Government to create transcripts that it doesn't already have.

Burch is simply requesting that the Court require the Government to provide—pursuant to Rule 16(a)(1)(E)—copies of in advance of any transcripts that the Government intends to use at trial. The Government actually admits such an obligation, stating: "The edited transcripts that the United States intends to use at trial will be produced as soon as those are completed." (ECF no. 258 at p. 9:25-26.)

In his motion, Burch simply requests that such transcripts be provided sufficiently in advance of trial so that his counsel has time to review the transcripts for accuracy and either object or provide alternate transcripts if they are inaccurate. The Government has not opposed the actual relief sought, and Burch's motion should therefore be granted.

Dated: September 6, 2018

Respectfully submitted,

By: /s/ Eduardo G. Roy
EDUARDO G. ROY
Attorney for Defendant
CLIFTON BURCH